UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL and TONNIE NEALY,

    Plaintiffs,

v.                              Case No.:   2:24-cv-338-SPC-NPM

JON CARNER, HOUSTON, SERINA WILLIAMS and SMART COMMUNICATIONS, LLC,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiffs Wendall Hall and Tonnie Nealy's Complaint (Doc. 1). Hall and Nealy are involuntarily committed residents of the Florida Civil Commitment Center (FCCC), and they bring this 42 U.S.C. § 1983 action against three FCCC officials and a private company hired to digitize FCCC residents' incoming mail. United States Magistrate Judge Nicholas Mizell granted Hall and Nealy leave to proceed *in forma pauperis*, to the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Hall and Nealy allege the defendants have infringed several of their federal rights by implementing a policy requiring FCCC staff to forward

incoming resident mail to Smart Communications, which scans and destroys the mail and provides FCCC residents access to digital copies. The plaintiffs filed a substantially similar action last year. The Court found that the mail policy could violate the plaintiffs' First Amendment rights if a state actor opened a plaintiff's clearly marked attorney mail outside his presence, but it dismissed the action because neither plaintiff alleged any such incident. The Court stated that a plaintiff could file a new action if he could plausibly allege the mail policy chilled his constitutionally protected speech with legal counsel. Plaintiffs' new Complaint attempts to correct the shortcomings of the first action by making additional factual allegations about legal mail. But the Court cannot meaningfully evaluate the Complaint because it is a shotgun pleading.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The main problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each

2

claim rests." *Id*. at 1323. But shotgun pleadings are not just unfair to defendants. Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.*

Many of the allegations in Hall and Nealy's Complaint refer to a plaintiff without stating which plaintiff is the subject of the allegation. For example, "From December 2023 and ongoingly, plaintiff opened his legal mail as directed by FCCC staff and then staff scanned his legal mail onto a computer[.]" (Doc. 1 at 9). As a result of the plaintiffs' persistent failure to clarify who is making what allegations, the Court cannot evaluate each plaintiff's claims, and the Complaint does not give the defendants fair notice of the claims. The Court will dismiss the Complaint and give Hall and Nealy an opportunity to amend. An amended complaint must clearly state who is making which factual allegations. Jointly alleging details about the policy is fine, but making allegations about a specific plaintiff without identifying him is not.

Accordingly, it is now

**ORDERED:**

Plaintiffs Wendall Hall and Tonnie Nealy's Complaint (Doc. 1) is **DISMISSED without prejudice**. Hall and Nealy may file an amended

complaint by September 2, 2024.  **Otherwise, the Court will close this case without further notice.**

    **DONE** and **ORDERED** in Fort Myers, Florida on August 12, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record